# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANA D. JACKSON, | Case No. 19-CV-2332-JRT-KMM |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| JUDGE MAXINE WHITE,<br>MILWAUKEE COUNTY, and<br>JOHN BARRETT, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Dana D. Jackson's (1) Complaint, ECF No. 1-2; (2) Motion to Request Service on All Defendants, ECF No. 5 (Service Motion); (3) Motion to Request Service on Defendants, ECF No. 6 (Second Service Motion); (4) Motion to Ask Monetary Request for Relief, ECF No. 7 (Monetary-Relief Motion); and (5) Motion to Correct Defendant or Add Defendant, ECF No. 10 (Motion to Correct). For the following reasons, the Court grants the Monetary-Relief Motion to the extent that it seeks to amend the Complaint; denies the Motion to Correct; recommends dismissing the Complaint; and recommends denying the Service Motion and the Second Service Motion as moot.

## I. BACKGROUND

Ms. Jackson filed the present action on August 23, 2019.  Compl. 1.[1]  The Complaint's gravamen is that "[f]or over ten years," Ms. Jackson has been denied custody of her children (or even visitation) by the courts in Milwaukee County, Wisconsin.  *Id.* at 5.  She names Milwaukee County as a defendant, claiming that its courts have violated numerous Wisconsin statutes during prior custody proceedings.  *Id.* at 5–6.  She also suggests that she was denied custody and/or visitation "based on [her] disability, against the [D]isability Act," *Id.* at 5, which the Court assumes to be a reference to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–213.

In addition to Milwaukee County, Ms. Jackson also names as a defendant Maxine White, whom Ms. Jackson identifies as the chief judge of the Milwaukee County courts.  *Id.* at 1, 5.  (It is unclear whether Ms. Jackson is suing Judge White based on the latter's personal involvement with relevant custody proceedings, or merely because Judge White was the chief judge of the Milwaukee County courts when those proceedings occurred.)  Ms. Jackson also names as a defendant John Barrett, a court director for the Milwaukee County courts.  *Id.* at 1.  She alleges that Barrett "threatened [her] not to file an appeal" (presumably in a custody-related matter) and told her, "There is NO Justice in this Court."  *Id.* at 4.  As for relief, Ms. Jackson states that she seeks to "[o]wn the City of Milwaukee."  *Id.*

---

[1] Because the Complaint is not consecutively paginated, the Court will refer to it using the page numbers provided by the Court's CM/ECF filing system.

Since filing the Complaint, Ms. Jackson has filed numerous motions. The Service Motion and the Second Service Motion ask this Court to have Defendants served with summons and this action's complaint. In the Monetary-Relief Motion, Ms. Jackson asks the Court to grant her monetary damages of $5 million. Finally, in the Motion to Correct, Ms. Jackson asks this Court to add as a defendant the "Milwaukee County Circuit Court."

## II.   ANALYSIS

### A.   Monetary-Relief Motion

The Court construes the Monetary-Relief Motion as a motion to amend the Complaint to add a request for monetary relief. Under Federal Rule of Civil Procedure 15(a)(1), a party can amend its complaint "once as a matter of course" within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required [e.g., a complaint], 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

In this case, Defendants have yet to be served with the Complaint, so Ms. Jackson may amend the complaint once as a matter of course. The Court thus grants the Monetary-Relief Motion to the extent it seeks to amend the Complaint to add a request for monetary relief.

### B.   Motion to Correct

The Motion to Correct asks the Court to add the Milwaukee County Circuit Court as a defendant in this action. Under Federal Rule of Civil Procedure 15(a)(2), after an initial amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave [to amend]

3

when justice so requires." But a district court may refuse to grant leave to amend where the amendment would be futile—that is, where the amendment could not survive a motion to dismiss. *See, e.g.*, *IBEW Local 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 521 (D. Minn. 2018) (citing *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008)).

Here, the State of Wisconsin's sovereign immunity makes Ms. Jackson's proposed amendment futile. Claims against a state court are, in effect, claims against the relevant state itself. *See, e.g.*, *Munt v. Roy*, No. 18-CV-3390 (DWF/ECW), 2019 WL 3292052, at *1 (D. Minn. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 2537933 (D. Minn. June 20, 2019). Claims against state courts therefore implicate states' sovereign immunity under the U.S. Constitution's Eleventh Amendment. *See id.* (quoting *Harris v. Mo. Ct. of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986)); *see also Mildfelt v. Circuit Court of Jackson Cty.*, 827 F.2d 343, 345 (8th Cir. 1987) (citing *Harris*). Under that amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." This wording straightforwardly applies here. Ms. Jackson thus cannot sue Wisconsin—or, by implication, its state courts—in federal court.

Where the Eleventh Amendment makes a state immune from suit, claims against that state should be dismissed. *See, e.g.*, *Roe v. Nebraska*, 861 F.3d 785, 789 (8th Cir. 2017). This means that the proposed amendment could not survive a motion to dismiss, so the Court must deny the Motion to Correct.

4

### C. Complaint as Amended

#### 1. Personal Jurisdiction

With the amendment-related motions resolved, the Court can address the operative Complaint. Ms. Jackson did not pay this action's filing fee. Instead, she filed a motion (which this Court granted) seeking permission to proceed in forma pauperis (IFP). Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs, ECF No. 2; Order 1, ECF No. 4 (granting IFP application).

As noted above, the Complaint presses claims against a Wisconsin state-court judge, a Wisconsin county, and a Wisconsin court administrator. This raises the question of whether this Court can properly exercise personal jurisdiction over Defendants. When a plaintiff permitted to proceed IFP files a complaint lacking any allegations supporting personal jurisdiction over the defendants, a district court may dismiss the case *sua sponte* or, in the alternative, find that the action should be transferred to a district where personal jurisdiction might exist. *See, e.g.*, *Walker v. Minn. Dep't of Corr.*, No. 17-CV-1169 (PAM/FLN), 2018 WL 1545693, at *4 (D. Minn. Jan. 23, 2018) (citing *Sanders v. United States*, 760 F.2d 869, 871–72 (8th Cir. 1985) (per curiam)), *report and recommendation adopted*, 2018 WL 1542331 (D. Minn. Mar. 29, 2018).

The bulk of the Complaint appears to allege that some or all Defendants violated various Wisconsin statutes during earlier child-custody proceedings. Compl. 5–6. As the Court understands the Complaint, however, Ms. Jackson also suggests that Defendants violated her rights under the ADA. *Id.* at 5 (alleging that Ms. Jackson has "been denied joint custody based on [her] disability, against the [D]isability Act"). This Court thus

5

appears to have subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which provides for federal-question jurisdiction.[2]

Where a court's subject-matter jurisdiction derives from § 1331, and the "statute under which the plaintiff brings its claim is," as is the case here, "silent as to service of process,"[3] courts use a two-step process to assess personal jurisdiction. *See, e.g.*, *Cortec Corp. v. Transilwrap Co.*, No. 14-CV-3261 (JNE/JSM), 2015 WL 164173, at *1 n.1 (D. Minn. Jan. 13, 2015) (citing cases). The first step is to "'examin[e] whether the exercise of jurisdiction is proper under the forum state's long-arm statute.'" *Id.* (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387–88 (8th Cir. 1991) (brackets added)). If that exercise is proper, the second step is to "'address whether the exercise of personal jurisdiction comports with due process.'" *Id.* (quoting *Dakota Indus.*, 946 F.2d at 1387–88). It is well established that Minnesota's long-arm statute, Minn. Stat. § 543.19, "extends as far as the Constitution allows." *Federated Mutual*, 928 F.3d at

---

[2] The Court has concerns about its subject-matter jurisdiction here, given the domestic-relations exception to federal jurisdiction and the doctrines of *Rooker-Feldman* abstention and *Younger* abstention. *Cf. Marshall v. Marshall*, 547 U.S. 293, 305–08 (2006) (discussing domestic-relations exception); *Skinner v. Switzer*, 562 U.S. 521, 531–33 (2011) (discussing *Rooker-Feldman* abstention); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (discussing Younger abstention). It is not obvious whether these doctrines apply here, however, and the Supreme Court has indicated that when a district court faces a difficult question of subject-matter jurisdiction and an easy question of personal jurisdiction, it can dispose of a case by resolving the personal-jurisdiction question first. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999); *Federated Mut. Ins. Co. v. FedNat Holding Co.*, 928 F.3d 718, 720 (8th Cir. 2019) (citing *Ruhrgas AG*).

[3] The ADA has no service-of-process provisions. *See, e.g.*, *E.E.O.C. v. Vicksburg Healthcare, LLC*, No. 13-CV-0895 (KS/MTP), 2014 WL 4715463, at *2 (S.D. Miss. Sept. 22, 2014) (citing *Elliot v. Firearms Training Sys., Inc.*, No. 04-CA-0490 (RF), 2004 WL 2567619, at *2 (W.D. Tex. Oct. 21, 2004)).

720. As a result, the two steps merge into one question: whether this Court's exercise of personal jurisdiction over Defendants would comport with due process. *See id.*; *Cortec Corp.*, 2015 WL 164173, at *1 n.1.

For a court's exercise of personal jurisdiction to comport with due process, the defendant must have "'certain minimum contacts'" with the forum state, such that exercising jurisdiction over the defendant will not offend "'traditional notions of fair play and substantial justice.'" *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also In re Nat'l Hockey League Players' Concussion Injury Litig.*, No. 16-CV-2683 (SRN/JSM), 2019 WL 5088516, at *3 (D. Minn. Oct. 10, 2019) (same). "It is essential in each case that there is some act by which the 'defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Ahlgren v. Link*, No. 19-CV-0305 (JRT/LIB), 2019 WL 3574598, at *3 (D. Minn. Aug. 6, 2019) (same). Without such "'purposeful availment,'" the defendant has no basis to "'reasonably anticipate being haled into court'" in the forum state, and that state cannot properly exercise jurisdiction over the defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see also CHS Inc. v. Farmers Propane Inc.*, 397 F. Supp. 3d 1324, 1329 (D. Minn. 2019) (same).

Considering these guidelines, the Eighth Circuit has created a five-factor test for determining whether exercising personal jurisdiction over a nonresident defendant is proper. The factors are: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. *See, e.g.*, *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citing *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)); *see also Custom Conveyor Corp. v. Hyde*, 237 F. Supp. 3d 895, 898–902 (D. Minn. 2017) (applying test). "The first three factors are closely related and are of primary importance, while the last two factors are secondary." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003) (citing *Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996)).

A court's exercise of personal jurisdiction over litigants can arise under general jurisdiction or specific jurisdiction. Where a court has general jurisdiction over a defendant, it can "'adjudicate any cause of action involving [that] particular defendant, regardless of where the cause of action arose.'" *Nat'l Hockey League*, 2019 WL 5088516, at *3 (quoting *Wells Dairy*, 607 F.3d at 518). For general jurisdiction to exist, a defendant's "affiliations with the State" must be "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Ahlgren*, 2019 WL 3574598, at *3 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal punctuation and citation omitted)). In contrast, where general personal

8

jurisdiction does not exist, a court can have specific personal jurisdiction over a defendant if the suit "'arise[s] out of or relate[s] to the defendant's contacts with the forum.'" *Nat'l Hockey League*, 2019 WL 5088516, at *3 (quoting *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779 (2017)).

The burden of establishing personal jurisdiction lies with the plaintiff. *See, e.g.*, *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). Here, extended analysis of the tests for general and specific personal jurisdiction is not needed, for the Complaint has no allegations whatsoever suggesting that any Defendant has had any Minnesota contacts. Under due-process principles, then, this Court cannot exercise personal jurisdiction over Defendants.

### 2. Transfer vs. Dismissal

Because the Court concludes that it lacks personal jurisdiction over Defendants, it confronts the question of whether to recommend this action's dismissal—or, in the alternative, its transfer to a district where personal jurisdiction might exist. *See Walker*, 2018 WL 1545693, at *4; *Myers*, 2014 WL 2818669, at *3. Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." *Cf. Johnston v. Wilkins*, 709 F. App'x 404, 405 (8th Cir. 2018) (noting need to assess interest of justice).

In this instance, the Court does not recommend transferring this action. Cases from this Court and from the Eighth Circuit indicate that a court applying § 1631 may

9

consider whether the transferee court would likely dismiss the plaintiff's claims; if it would, that counsels in favor of dismissal rather than transfer. *See, e.g.*, *Mullally v. United States*, 95 F.3d 12, 14 (8th Cir. 1996) (citing *Charles v. Rice*, 28 F.3d 1312, 1321–23 (1st Cir. 1994)); *Casarez v. Barnes*, No. 18-CV-2255 (NEB/SER), 2018 WL 6516043, at *3 (D. Minn. Nov. 6, 2018), *report and recommendation adopted*, 2018 WL 6597256 (D. Minn. Dec. 10, 2018); *Strege v. Dep't of Motor Vehicles*, No. 15-CV-1907 (DSD/HB), 2015 WL 1954452, at *2 (D. Minn. Apr. 29, 2015), *aff'd*, No. 15-2191 (8th Cir. Oct. 2, 2015).

Here, the Court has little doubt that a transferee court would dismiss the Complaint. First, one defendant is a state-court judge, and judges generally have absolute judicial immunity from suit for actions taken as part of their judicial responsibilities. *See, e.g.*, *Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (discussing absolute judicial immunity).

Second, within the ADA, the provision that seems most applicable is 42 U.S.C. § 12132, under which "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Assuming—without deciding—that court decision-making in child-custody hearings is subject to this requirement, to assert an ADA claim, a plaintiff "needs to demonstrate that: '(1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based on disability.'" *Munt v. Larson*, No. 15-CV-0582

(SRN/SER), 2016 WL 4435671, at *5 (D. Minn. Aug. 19, 2016) (quoting *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999)).  The Complaint provides nothing but bald assertion suggesting that these elements are met here, and therefore fails to state an ADA claim.  *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." (citation and internal punctuation omitted); *Green v. Carlson*, No. 19-CV-1666 (ECT/SER), 2019 WL 5400509, at *4 (D. Minn. Oct. 22, 2019) (quoting *Iqbal*).

Third, if Ms. Jackson's ADA claims were dismissed, then there appear to be no federal causes of action remaining.  As a consequence, the transferee federal court would likely dismiss her state-law claims based on a lack of supplemental jurisdiction.  *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").[4]

The Court therefore concludes that, were it to transfer this action based on 28 U.S.C. § 1631, the transferee court would almost certainly end up dismissing the action.

---

[4] The transferee court would also need to consider whether this action presents jurisdictional issues based on the domestic-relations exception, *Rooker-Feldman* abstention, and *Younger* abstention.  *See* note 2 *supra*.

11

The interest of justice thus does not favor transfer, and so this Court recommends dismissing the action without prejudice for lack of personal jurisdiction over Defendants.

### D. Service Motions

Given the Court's recommendation that this case be dismissed without prejudice, the Court further recommends that the Service Motion and Second Service Motion be denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Dana D. Jackson's Motion to Ask Monetary Request for Relief, ECF No. 7, is **GRANTED** to the extent Ms. Jackson seeks to amend her Complaint, ECF No. 1-2, to add to it a request for monetary relief.

2. Ms. Jackson's Motion to Correct Defendant or Add Defendant, ECF No. 10, is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The Complaint be **DISMISSED** without prejudice for lack of personal jurisdiction over Defendants.

2. The Complaint not be transferred to another District pursuant to 28 U.S.C. § 1631.

    3.      Ms. Jackson's Motion to Request Service on All Defendants, ECF No. 5, and Motion to Request Service on All Defendants, ECF No. 6, be **DENIED** as moot.

Date:  December 16, 2019                      *s/Katherine Menendez*
                                                      Katherine Menendez
                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).